■    In the Matter of the Arbitration between ROBERT H. MACKEY, Respondent, and ALLCITY INSURANCE COMPANY, Appellant. MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Intervenor-Respondent.

APPEAL from an order of the Supreme Court, entered August 4, 1966, in New York County, which denied an application by respondent Allcity Insurance Company for an order staying arbitration.

Order appealed from unanimously affirmed, with $30 costs and disbursements to respondents.

STEUER, J. (concurring). I feel constrained to concur for the following reasons:

Claimant is a taxi driver. On September 9, 1965, while driving a cab owned by his employer, he was injured in a collision with an uninsured motorist. Proof of financial security for the cab which plaintiff was operating was supplied by the filing of a bond pursuant to section 370 of the Vehicle and Traffic Law. However, claimant's wife was the owner of an automobile on which respondent had issued a policy of insurance. Claimant, as an assured on that policy, has made a claim against respondent and, purporting to act under the terms of that policy, has demanded arbitration. There is no dispute that claimant is an assured on that policy and that, pursuant to its terms in accord with the standard endorsement for claims for injuries sustained as a result of the negligent operation of a noninsured automobile, he would, under certain circumstances, be entitled to have his claim arbitrated. However, the insurance provided by the policy is only for any excess over "any other similar insurance available to such insured and applicable to such automobile [here, the taxicab] as primary insurance" (condition 6 of the standard endorsement).

Here the question is whether the cab was covered by similar insurance applicable to the claimant. The question is one of statutory construction and due, no doubt, to the fact that the statutes, at least in their present form, are of comparatively recent enactment, the question is one of first impression.

It is deemed advisable to consider the applicable statutory provisions in the chronological order of their enactment. In 1932 (L. 1932, ch. 340) the Legislature required an applicant for a license to operate a vehicle for hire to submit either an insurance policy or a bond conditioned on payment of judgments for damages for the negligent operation of the vehicle (now Vehicle and Traffic Law, art. 8, § 370). In 1956 this condition for the issuance of a license was extended to applications for the licensing of all automobiles, and in this statute bonds were required to have the same terms as policies of insurance (L. 1956, ch. 655, § 2). However, the coverage required to be supplied differed as to amount as between applicants for a license for a vehicle to be used for hire and others, and both statutes were retained (Vehicle and Traffic Law, art. 6,

§ 312; art. 8, § 370.) Probably to avoid confusion, vehicles for hire were specifically exempted from the provisions of the later article (Vehicle and Traffic Law, § 321). In 1958 the Legislature undertook to provide protection for the victims of the negligence of uninsured motorists. The *modus operandi* for this concept was to provide such coverage to persons who were assureds under policies issued or to be issued by mandating such coverage in their policies (Insurance Law, § 167 2-a; L. 1958, ch. 759, § 4). Protection was afforded to others in ways not material here.

Both the purpose and wording of article 8 indicate that no distinction between the coverage to be supplied by a policy of insurance and that supplied by a bond was intended. It is hardly credible that the Legislature intended to create a distinction in coverage between bonds and policies when none had existed at the time the statute was originally enacted.

Though we are firmly of the belief that the result was unintended, we are constrained to the view that the specific exemption in section 321 precludes a determination that the provisions of subdivision 2 of section 312 apply to vehicles for hire. And as a consequence, the uninsured motorists provisions are not to be deemed included in bonds given pursuant to section 370. The attention of the Legislature is invited to this situation.

The order should be affirmed.

Stevens, J. P., and Capozzoli, J., concur in decision; Steuer, J., concurs in opinion in which Rabin, J., concurs.

Order appealed from unanimously affirmed, with $30 costs and disbursements to respondents.