Thomas Dickens, J.
This proceeding by claimant for the purpose of recovering damages as the ru suit of an alleged accident *642 was brought under the Motor Vehicle Accident Indemnification Corporation Law (Insurance Law, art. 17-A).
The move for arbitration in the proceeding was thereafter stayed by an Associate Judge, and instead, a hearing was directed in order to determine whether or not claimant’s alleged claim for reparable injuries could be made amenable to arbitration within the compass of the text of the forequoted article 17-A.
The hearing, held before me, has thrown into focus the following salient determinative issue: Was there an accident within the measure of the text of article 17-A? If the answer be in the affirmative, then arbitration is merited. On the other hand, if the answer be in the negative, then the right to arbitration fails.
In the proof I find that claimant, a police officer at the time when the incident in question happened, and an associate officer, while both were cruising in a patrol car, detected a driven automobile, believed to be stolen. They gave chase. The driver of the stolen automobile, in an effort to avoid capture, kept going until he eventually found himself hopelessly enclosed in a dead-end street. When the policemen arrived at the entrance and saw the driver trapped in the cul-de-sac, they placed their car in a transverse position at the entrance of the cul-de-sac, so as to block escape. Immediately, the driver of the pursued automobile reversed his gears, backed up at a high rate of speed, and in that manner rammed his automobile into the patrol car in which claimant was still seated. The injuries alleged are the offspring of this impact.
Respondent’s Exhibit “A”, which bears a statement made by claimant and his associate officer at a time prior to the hearing before me, lends illuminating aid to the solution of the problem, for in my opinion, it proves to be the controlling factor of the issue. The material part of the statement in its bearing upon the question involved, reads as follows: “We knew that Vanderveer Street was a dead-end street. We had our red blinker light going and also the siren on. Patrolman Babiche blocked off the street with the right side of the patrol car. The street, Vanderveer that is, was almost completely blocked off! There wasn’t room on either side for a car to get by. Suddenly the driver of the car backed up at a high rate of speed and deliberately rammed his car into the right side of our police car and then got out and started running.” (Italics supplied.)
By his own unqualified admission, then, that the alleged wrongdoer deliberately rammed h.is automobile into the police car, claimant delivered his own coup de grace to the value of his *643 claim. Such admission had the effect of nullifying the theory of an accident, and with it went the right to have arbitration.
The incident has the mark of an assault, whereas the causa sine qua non (the indispensable condition) set forth in the statute for the right to arbitration, demands proof of an accident, as the basis of a claim thereunder, not proof of an assault.
What the court says in Matter of MVAIC (Jerman) (32 Misc 2d 946, revd. on other grounds, 18 A D 2d 810) sheds meaningful light on the problem (pp. 947-948): “ the fundamental question [is] whether or not the Legislature in enacting the Motor Vehicle Accident Indemnification Law (Insurance Law, art. 17-A, added by L. 1958, eh. 759), intended that M.V.A.I.C. respond in damages for willful vehicular assaults. We hold that it did not. The word ‘ accident ’ was used repeatedly in subdivision (2) of section 600 (Declaration of purpose), and in subdivision 2-a of section 167 (standard indorsement provision) of the Insurance Law. * # * The term ‘ accident ’ has most recently been defined by the Court of Appeals as ‘ an event of an unfortunate character that takes place without one’s foresight or expectation.’ [Citing cases.] There is no doubt that intentional assaults are not within its range of meaning [Citing case], and it is accordingly concluded that M.V.A.I.C. need not respond damages for intentional vehicular assaults committed by uninsured drivers.” (Emphasis supplied.)
This point of view commends itself judicially to my judgment.
In short, I emphasize that my diagnosis of the proof leads me irresistibly to the conclusion that the driver of the stolen automobile, as a perturbator, committed a deliberate assault. In my mind’s eye, there are no two ways about it. Several ad rem illustrations, drawn from an ancient case (although ancient and archaic but still good; see Brown v. Chaminade Velours, 176 Misc. 238, affd. 261 App. Div. 1071), subsequently listed, add support to the foregoing view.
The ancient case referred to is People v. Lee (1 Wheel Cr. Cas. 364). In that case, the following illustrations demonstrate acts of assault that prove very advisory and helpful: (a) attempting to run a cart against prosecutor’s wagon even though one did not touch the other, is an assault; (b) striking violently with a club horses before a carriage, in which a person was riding, is an assault to the person.
Also, in Matter of Quigley (32 N. Y. S. 828, 829), a stone thrown at passenger in a strike disorder, regardless of whether it struck a passenger, is basis for an assault, for the throwing is the violation.
*644 Furthermore, it is to be noted here that ‘ * Every act, if we exclude, as we must, gestures and movements that are automatic or instinctive, is willful when received in isolation and irrespective of its consequences. An act ex vi termini imports the exercise of volition.” (Messersmith v. American Fid. Co., 232 N. Y. 161, 165.)
As a last observation, it is generally held that an automobile in itself is not a dangerous instrument, but may become such in the hands of a person physically incompetent to handle it. (Cf. Golembe v. Blumberg, 262 App. Div. 759.)
Claimant in his brief cites Matter of Fuscaldo (M. V. A. I. C.) (24 A D 2d 744). In the Fuscaldo ease, however, the injury did not arise because of a deliberate ramming of the police car but, on the contrary, arose as the result of an accidental contact.
Based on the proof before me, I repeat that the injury to complainant was caused by the deliberate assault of the perturbator (violator), and, as such, the incident cannot be made the basis of arbitration. (See Matter of M.V.A.I.C. [Brinson], 18 A D 2d 809; McCarthy v. M.V.A.I.C., 16 A D 2d 35, affd. 12 N Y 2d 922. See, also, Matter of M.V.A.I.C. [Jerman], 32 Misc 2d 946, supra.)
Under the circumstances, I am constrained to grant the stay of arbitration. Arbitration stayed.