OPINION OF THE COURT
William P. McCooe, J.
Petitioner Allstate is moving to stay arbitration sought under an uninsured motorist endorsement contained in an automobile insurance policy issued to its insured, one Edith Wisniewski. Holly Shaw was an injured passenger in the Hertz vehicle operated by Edith Wisniewski when it was involved in a collision with a vehicle operated by V. Franco. Franco’s insurer has disclaimed coverage due to late notice and the validity of the disclaimer has been judicially determined by this court. Therefore, the dispute is between Hertz and Allstate as to who should provide coverage to the passenger Holly.
Allstate contends that the Hertz vehicle should provide the primary uninsured motorist coverage. Hertz contends that it is a self-insurer, and as such, is not required to provide uninsured motorist coverage since there is no insurance policy to which it can attach. It also contends it pays the Motor Vehicle Accident Indemnification Corporation a fee to provide coverage.
*33 There is no dispute that if the Hertz vehicle was insured by a conventional automobile insurance policy it would provide the coverage. The issue is whether the fact it is self-insured mandates a contrary determination.
Section 312 of the Vehicle and Traffic Law provides alternative methods of maintaining financial security in lieu of insurance, such as a bond or certificate of self-insurance. The legislative intent to require uninsured motorist coverage is clearly expressed in section 167 of the Insurance Law, which sets forth standard policy provisions and subdivision 2-a of said section refers to the uninsured motorist provision stating “Any such policy which does not contain the aforesaid provision shall be construed as if such condition were embodied therein”. Section 370 of the Vehicle and Traffic Law states the mandated financial responsibility of owners of vehicles transporting passengers for hire and provides for the option of an indemnity bond or an insurance policy.
In Matter of Mackey (Allcity Ins. Co.) (27 AD2d 728) decided in 1967, a taxicab driver was injured in an accident with an uninsured driver and the issue was whether the indemnity bond furnished by the cab or his wife’s automobile insurance policy provided the primary uninsured motorist coverage. The court held that the wife’s policy provided the primary coverage because of a specific statutory provision excluding coverage from the bond. The court stated (p 729 [Steuer, J., concurring]):
“Both the purpose and wording of article 8 indicate that no distinction between the coverage to be supplied by a policy of insurance and that supplied by a bond was intended. It is hardly credible that the Legislature intended to create a distinction in coverage between bonds and policies when none had existed at the time the statute was originally enacted.
“Though we are firmly of the belief that the result was unintended, we are constrained to the view that the specific exemption in section 321 precludes a determination that the provisions of subdivision 2 of section 312 apply to vehicles for hire. And as a consequence, the uninsured motorists provisions are not to be deemed included in bonds given pur *34 suant to section 370. The attention of the Legislature is invited to this situation.”
The statute was amended in 1971 to read “Notwithstanding any contrary provision of this chapter, any such bond, or policy of insurance shall also provide for uninsured motorist coverage”. (Vehicle and Traffic Law, § 370, subd 1.)
The above-cited case and the statutory amendment manifest both a judicial and a legislative intent to provide maximum coverage to an injured party.
Subdivision 3 of section 370 of the Vehicle and Traffic Law provides: “A person, firm, or association or corporation engaged in the business of renting or leasing motor vehicles or motorcycles to be operated upon the public highways for carrying passengers shall be subject to the provisions of this section in the same manner and to the same extent as if such person, firm, association or corporation were actually engaged in the business of carrying or transporting passengers for hire”.
Therefore, a self-insurer is subject to the same requirements as a vehicle for hire. It is similarly required to provide uninsured motorist coverage. This coverage is “deemed included in” the certificate of self-insurance.
There is no rational basis offered for treating a person offering a certificate of self-insurance as proof of financial responsibility differently than one offering a bond or policy of insurance. There is no showing that the assessment to the Motor Vehicle Accident Indemnification Corporation for a self-insurer is greater than the rate for an insurance company. It is simply computed on a per car basis rather than a premium basis because there are no premiums for a self-insured.
The only reported case is Matter of Sullivan (NYLJ, June 23, 1970, p 14, col 4), which reaches a contrary conclusion and the court declines to follow the holding in that case.
The motion is granted. Arbitration is stayed against the petitioner Allstate.