■ In the Matter of the Arbitration between COUNTRY-WIDE INSURANCE COMPANY, Appellant, and DAISY P. MANNING, Respondent. — Judgment (denominated an order) of Supreme Court, New York County (Edward H. Lehner, J.), entered July 23, 1982, denying petitioner's application for a stay of arbitration, reversed, on the law and the facts, and the arbitration is stayed,

without costs. Respondent Daisy B. Manning (Manning), an employee of the New York City Department of Transportation (DOT), was involved in a two-car collision while driving a DOT automobile in the performance of her duties. DOT is a self-insurer of its vehicles and drivers. Petitioner (Country-Wide) insured Manning with a policy providing coverage in excess of any other similar available insurance coverage. When Manning learned that the tort-feasor was uninsured, she filed a claim under this policy, and when Country-Wide resisted, she demanded arbitration to determine the issues of fault and damages. Upon application for stay of arbitration, petitioner argued that there was an issue of fact as to whether the tort-feasor had been uninsured, thus calling into question whether the policy protection against uninsured motorists, and its provision for arbitration, was applicable. Special Term rejected the assertion that there were triable issues of fact to be resolved prior to arbitration, and thus denied the stay. We agree with Special Term to the extent that there is no triable issue of fact as to the uninsured status of the offending vehicle. The only documentary evidence submitted by petitioner in support of its assertion that the tort-feasor's vehicle was insured at the time is a reply to petitioner's inquiry from the Department of Motor Vehicles, dated January 3, 1981, indicating that the offending vehicle had been insured on the date of its registration in August, 1980, some two months prior to the accident. However, this reply provided no data on insurance in effect as of the date of the accident. Manning's counsel made their own request for information from the Department of Motor Vehicles, and the reply to that request, dated May 12, 1981, contained the additional information that insurance had not been in effect to cover the offending vehicle on the date of the accident. In the absence of any other evidence in the record, this later document lays to rest any factual issue as to the uninsured status of the tort-feasor. Nevertheless, the judgment must be reversed because any arbitration agreement contained in Country-Wide's insurance policy issued to Manning is subordinate to DOT's primary self-insurance covering respondent. Insurance against injury caused by an uninsured motorist is required in this State as a matter of public policy (Insurance Law, § 167, subd 2-a; *Matter of Allstate Ins. Co. v Shaw,* 52 NY2d 818). Whereas DOT may be authorized to be a self-insurer instead of procuring a policy from an insurer (Vehicle and Traffic Law, § 370), such permission to "self-insure" was not intended by the Legislature as a diminution of the uninsured motorist protection afforded to users of insured vehicles or other persons (*Matter of Allstate Ins. Co. v Shaw,* 52 NY2d, at p 820). In that case Hertz Corporation, a lessor of vehicles for hire which was authorized to be a self-insurer, was held obligated to provide the drivers and passengers of its leased vehicles with uninsured motorist protection. The self-insurance option authorized by the Legislature was held not intended to exempt the New York City Transit Authority from the requirement of providing uninsured motorist protection (see *Matter of New York City Tr. Auth.* [*Thom*], 70 AD2d 158, affd 52 NY2d 1032). The right to obtain uninsured motorist protection from a self-insurer is no less than the corresponding right under a policy issued by an insurer (*Matter of Manhattan & Bronx Surface Tr. Operating Auth.* [*Coccia*], 118 Misc 2d 378; *Matter of Manhattan & Bronx Surface Tr. Operating Auth.* [*Evans*], 117 Misc 2d 614). For the same reasons, the exception in subdivision 1 of section 370 of the Vehicle and Traffic Law, permitting the municipality to be a self-insurer, does not exculpate it from the responsibility of providing uninsured motorist protection. Thus the DOT was the primary carrier and there was no obligation to arbitrate with Country-Wide, Manning's carrier. Concur — Carro, J. P., Silverman, Fein and Kassal, JJ.

Bloom, J., dissents in part in a memorandum as follows: I am in agreement with my brethren that a reversal is required. However, unlike them, I would

remand with a direction that the City of New York be joined as a party and that thereupon Special Term shall proceed to a determination of the rights of the respective parties and, if required, hold a hearing for that purpose. Daisy P. Manning, the respondent, is an employee of the Department of Transportation, an agency of the City of New York. While driving a department-owned vehicle in the performance of her regular duties, the vehicle was struck by an uninsured vehicle causing injury to her. Ms. Manning owns a vehicle of her own which is insured by petitioner. In accordance with the uninsured motorist indorsement contained in her policy, she caused to be served upon petitioner a notice of intention to arbitrate. Country-Wide moved for a permanent stay of arbitration upon the ground, among others, that even though subdivision 1 of section 370 of the Vehicle and Traffic Law permits a municipality to be a self-insurer, the policy of the State to protect those injured in automobile accidents is such as to import into the authority for self-insurance, the same obligation with respect to uninsured motorist coverage as that required under subdivision 2-a of section 167 of the Insurance Law (*Matter of Allstate Ins. Co. v Shaw*, 52 NY2d 818). From this it argues that, under the language of its policy, the uninsured motorist coverage provided is secondary to the primary obligation of the city to furnish such coverage and, therefore, Manning must look to the city for the coverage which she seeks to impose upon Country-Wide. Although not raised by the briefs of either party or argued by them, every employer is required by section 10 of the Workers' Compensation Law to provide for compensation to employees for "disability or death from injury arising out of and in the course of * * * employment". Employer, as defined in subdivision 3 of section 2, includes a municipal corporation and section 11 provides that the remedy afforded by the Workers' Compensation Law shall be exclusive. The presumption is that the city obeyed the law and that, by consequence, Ms. Manning has no remedy against it under the uninsured motorist indorsement. The effect of a holding that the city is primarily liable for the furnishing of uninsured motorist coverage will be either to affect the right of the city, without affording it the opportunity to be heard, a result of doubtful constitutional validity, or to deprive Ms. Manning of the benefits of the uninsured motorist provision, a result violative of the strong public policy of this State (*Matter of Allstate Ins. Co. v Shaw, supra*). To avoid either of these two results the matter should be remanded and the city joined as a party. At this point it is unnecessary to decide rights of contribution or indemnity, if any.