OPINION OF THE COURT
Stanley Parness, J.
Petitioner moves for judgment disallowing the claim of respondent for uninsured motorist benefits and staying permanently the arbitration which respondent has demanded.
Respondent alleges she was injured in an accident on March 4, 1984 at 4:30 p.m. while accompanying her sick father to the hospital in petitioner’s ambulance on Hylan Boulevard at Montreal Avenue, Staten Island, New York, when the ambulance and the vehicle in front of it were in a collision with a third vehicle proceeding in the same lane directly ahead of them. It is alleged that the first vehicle made a sudden stop which contributed to the accident and then fled the scene. Respondent, based thereon, made claim for uninsured motorist benefits upon the premise of a hit-and-run accident.
Petitioner alleges it is not legally responsible to respondent for uninsured motorist benefits in that respondent’s injuries were not caused by the actions of a hit-and-run motorist and declined the claim. Respondent served demand for arbitration which the petition herein seeks to stay.
Petitioner concedes making "no-fault” payments upon the *95 premise that the notice of claim served upon the comptroller specifically stated that such benefits would be sought, whereas there was no specific demand made therein for "uninsured motorist benefits” or that an uninsured motorist claim would be made.
Petitioner’s challenge to the sufficiency of the demand for arbitration is misplaced, for the requirements of McKinney’s Unconsolidated Laws of NY § 7401 (1) (New York City Health and Hospitals Corporation Act § 20; L 1969, ch 1016, § 1, as amended) are fulfilled by the statement appearing on the second page of respondent’s demand that at least 30 days have elapsed since demand and that "petitioner has refused to adjust for a further 30 day period.” While no demand is made entitled "uninsured motorist claim”, reasonable inference of such claim based on a hit-and-run incident is present from the description of the accident, the annexed police report indicating that the operator "left the scene” and is reasonably sufficient to inform petitioner that such a claim is forthcoming. This distinguishes this case from Nassau Ins. Co. v Guarascio (82 AD2d 505), where no notice of claim was served by the policeman claimant who did no more than file accident reports with the police department. Matter of City of New York v Veguilla (Sup Ct, NY County, index No. 4004/86), cited by petitioner, is inapposite, for that claimant also did not comply with notice requirements of section 7401.
Petitioner next contends that the accident herein does not constitute a hit-and-run event in that there was no physical contact between the ambulance and the offending vehicle. The operator of the ambulance in his motor vehicle report states that "vehicle #3 stopped rapidly to make a left turn with no signal; vehicle #2 (ahead of him) hit vehicle #3; then vehicle #1 hit vehicle #2. Driver of vehicle #3 rapidly fled the scene despite my trying to stop her.”
The mechanism of the collision herein as a hit-and-run event is legally sufficient under either version of this accident to satisfy the requirements of Insurance Law § 5217. The lack of an "actual” contact between the ambulance and the vehicle which fled the scene will not necessarily defeat the respondent’s claim herein. The issue was considered in MVAIC v Eisenberg (18 NY2d 1). There a hit-and-run vehicle sideswiped a second vehicle causing the latter to cross into claimant’s lane of traffic and colliding with claimant’s vehicle. The court held (p 4) that the second vehicle was a "mere involuntary intermediary” in a chain of collisions and in such circum *96 stance met the statute’s requirement of "physical contact” between the claimant and the hit-and-run car. As the court stated (p 5) "the Legislature did not intend to impose the further burden of requiring the claimant to establish direct physical contact without the intervention of another automobile.”
Thus, while the essential element is that there be a collision by the offending vehicle with the claimant or the vehicle in which claimant is a passenger, the manner of such collision is not determinative. There is no juridical distinction between a hit-and-run vehicle which strikes one vehicle which in turn collides with another and one which negligently stops short and thereby causes vehicles behind it which are unable to anticipate that action to strike it. In both examples, a hit-and-run event is established. The contact between the offending vehicle and an "involuntary intermediary” which occurs in either example is sufficient to satisfy the objective of the statute — the avoidance of fraud and collusion which could occur in an accident involving a "phantom” vehicle. The problem virtually disappears with the requirement of physical contact to establish the hit-and-run event (MVAIC v Eisenberg, supra, p 5). In sum, the multiple collisions in this case are intimately connected in time and space as to provide the "close * * * and * * * substantial physical nexus” between the offending vehicle and the one containing the plaintiff necessary to meet the statute’s requirement that the accident arise out of "physical contact” with the offending vehicle. (Matter of Smith [Great Am. Ins. Co.], 29 NY2d 116, 121.)
Petitioner also alleges there has been noncompliance with that portion of the standard uninsured motorist indorsement which provides that the current accident shall have been reported within 24 hours or as soon as reasonably possible to a police, peace or judicial officer or to the Commissioner of Motor Vehicles. In support thereof, petitioner asserts that the date appearing under the title "date/time/reviewed” of March 6, 1984 indicates it was reported to the police more than 24 hours after the accident date, March 4, 1984.
This challenge is at best equivocal and does not establish that the report to the police was made more than 24 hours after the accident. It is unclear whether the report was received on that date or whether this report from its apparent thoroughness in preparation, was made from data obtained at the scene on March 4, 1984 and thereafter "reviewed” on *97 March 6, 1984. The issue is one of fact which can and should be resolved by the arbitrator.
Lastly, petitioner’s assertion that the claim is barred by the three-year Statute of Limitations applicable to personal injury actions is not well taken. The claim in arbitration for uninsured motorist benefits exists solely by reason of the separate coverage required to be provided by Insurance Law §3420 (f), and is contractual in nature. Hence, the six-year Statute of Limitations applies. (Matter of De Luca [MVAIC], 17 NY2d 76.) This conclusion is not changed because petitioner has elected to provide such coverage as a self-insurer. (Matter of Manhattan & Bronx Surface Tr. Operating Auth. v Evans, 95 AD2d 470; Matter of Allstate Ins. Co. v Shaw, 106 Misc 2d 32, affd 73 AD2d 863, affd 52 NY2d 818; Matter of Manhattan & Bronx Surface Tr. Operating Auth. [Coccia], 118 Misc 2d 378.) The defense is therefore stricken. (Matter of De Luca [MVAIC] supra, p 81.)
The motion for judgment disallowing the claim and permanently staying the arbitration demanded is denied.