■ In the Matter of SENTRY INSURANCE COMPANY, Respondent, v WILLIAM J. GALLAGHER, Appellant.—In a proceeding pursuant to CPLR article 75 to stay the arbitration of an uninsured motorist claim, the appeal is from a judgment of the Supreme Court, Kings County (Krausman, J.), dated July 9, 1985, which granted the petitioner's application to permanently stay arbitration.

Ordered that the judgment is affirmed, with costs.

In this case, William J. Gallagher, a New York City police officer, seeks to recover upon his uninsured motorist claim against the petitioner Sentry Insurance Company (hereinafter Sentry) for the injuries he allegedly sustained when the police vehicle in which he was a passenger was struck by a concededly uninsured motor vehicle.

While we agree with the court that Sentry is not required to proceed to arbitration under the circumstances herein, we do so for the reasons stated by this court in *Matter of State Farm Mut. Auto. Ins. Co. v Amato* (129 AD2d 221 [decided herewith).

In *Matter of State Farm Mut. Auto. Ins. Co. v Amato (supra, at 228)*, this court specifically held, in relevant part, that "[t]he 'police vehicles' exclusion contained in Insurance Law § 5202 (a) was never meant to apply to a situation, as in the proceedings at bar, where innocent occupants of a police car suffered injuries caused by the negligent operation of a concededly uninsured motor vehicle". We further noted therein that even if the exclusion was applicable to a situation such as the one at bar, it only precluded recovery of uninsured motorist benefits from the Motor Vehicle Accident Indemnification Corporation under Insurance Law article 52, and was inapplicable with respect to an uninsured motorist claim brought pursuant to Insurance Law § 3420 (f) (1).

Nevertheless, since the City of New York, as the primary insurer, had the responsibility to provide uninsured motorist coverage to Gallagher pursuant to Insurance Law § 3420 (f) (1) *(see, Matter of Country-Wide Ins. Co. [Manning],* 96 AD2d 471, *affd* 62 NY2d 748), Sentry had no obligation to proceed to arbitration on Gallagher's claim. Mollen, P. J., Lawrence, Kunzeman and Sullivan, JJ., concur.