Matter of County of Suffolk v Johnson (2018 NY Slip Op 00552)





Matter of County of Suffolk v Johnson


2018 NY Slip Op 00552


Decided on January 31, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 31, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
L. PRISCILLA HALL
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER, JJ.


2015-11739
 (Index No. 34067/13)

[*1]In the Matter of County of Suffolk, petitioner- respondent, 
v
Latashen Johnson, respondent, State Farm Insurance Company, appellant.


Martin, Fallon & Mullé, Huntington, NY (Richard C. Mullé and Stephen P. Burke of counsel), for appellant.
Dennis M. Brown, County Attorney, Hauppauge, NY (Christopher A. Jeffreys of counsel), for petitioner-respondent.



DECISION & ORDER
In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of an uninsured motorist claim against the County of Suffolk, in which State Farm Insurance Company cross-petitioned, inter alia, to permanently stay arbitration of an uninsured motorist claim against it and to direct the County of Suffolk to provide primary uninsured motorist benefits to Latashen Johnson, State Farm Insurance Company appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Suffolk County (Gazzillo, J.), dated October 7, 2015, as, after a framed-issue hearing, granted the petition to permanently stay arbitration of the uninsured motorist claim against the County of Suffolk and, in effect, denied those branches of its cross petition which were to permanently stay arbitration of the uninsured motorist claim against it and to direct the County of Suffolk to provide primary uninsured motorist benefits to Latashen Johnson.
ORDERED that the judgment is reversed insofar as appealed from, on the law, with costs, the petition to permanently stay arbitration of the uninsured motorist claim against the County of Suffolk is denied, the proceeding is dismissed, that branch of the cross petition which was to permanently stay arbitration of the uninsured motorist claim against State Farm Insurance Company is granted, and that branch of the cross petition which was to direct the County of Suffolk to provide primary uninsured motorist benefits to Latashen Johnson is denied as academic.
The respondent Latashen Johnson, an employee of Suffolk Bus Corporation, was involved in an accident with an uninsured motor vehicle while driving a vehicle owned by the County of Suffolk. Johnson filed a claim against the County for uninsured motorist benefits, and the County denied the claim. Subsequently, Johnson filed a demand for arbitration of her uninsured motorist claim against the County. Thereafter, the County commenced this proceeding pursuant to CPLR article 75 against Johnson and State Farm Insurance Company (hereinafter State Farm), Johnson's private automobile insurance carrier, seeking a permanent stay of arbitration on the ground that, pursuant to Vehicle and Traffic Law § 370, the County was exempt from providing uninsured motorist benefits. State Farm cross-petitioned, inter alia, to permanently stay arbitration of an uninsured motorist claim made by Johnson against it and to direct the County to provide primary uninsured motorist benefits to Johnson. After a framed-issue hearing, the Supreme Court, inter alia, granted the petition and, in effect, denied those branches of the cross petition, finding that the County [*2]is not obligated to provide uninsured motorist benefits to Johnson. State Farm appeals, and we reverse.
"[T]he Legislature has specifically declared its grave concern that motorists who use the public highways be financially responsible to ensure that innocent victims of motor vehicle accidents be recompensed for their injuries and losses'" (Matter of State Farm Mut. Auto. Ins. Co. v Amato, 72 NY2d 288, 292, quoting Matter of Allstate Ins. Co. v Shaw, 52 NY2d 818, 819). Thus, although the Legislature authorized municipalities to be self-insured pursuant to the exception in Vehicle and Traffic Law § 370(1), it did not exculpate them from the responsibility of providing uninsured motorist protection (see Matter of Country-Wide Ins. Co. [Manning], 96 AD2d 471, 472, affd 62 NY2d 748; Matter of State Farm Mut. Auto. Ins. Co. v Olsen, 22 AD3d 673, 673-674; see also Matter of State Farm Mut. Auto. Ins. Co. v Fitzgerald, 25 NY3d 799, 810).
Accordingly, the Supreme Court should have denied the petition to permanently stay arbitration of Johnson's claim against the County for uninsured motorist benefits, granted that branch of the cross petition which was to stay arbitration of Johnson's uninsured motorist claim against State Farm, and denied, as academic, that branch of the cross petition which was to direct the County to provide primary uninsured motorist benefits to Johnson.
BALKIN, J.P., HALL, HINDS-RADIX and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court