OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs. In so deciding, essentially for reasons stated in the opinion of Mr. Justice McCooe at Trial Term (106 Mise 2d 32), we add the following:
The Legislature has specifically declared its grave concern that motorists who use the public highways be financially responsible to ensure that innocent victims of motor vehicle accidents be recompensed for their injuries and losses (Vehicle and Traffic Law, § 310). To this end, subdivision 2-a of section 167 of the Insurance Law requires that all motor vehicle liability insurance policies provide uninsured motorist coverage. Thus, where an accident is caused by an unidentified vehicle or where the insurer has disclaimed coverage, a victim will still be able to recover for losses sustained. Because of the strong policy concerns *820 which brought them into existence, the interpretation of statutes relating to uninsured motorist coverage must not be caught up in narrow and technical analysis. Instead, the provisions must be interpreted as a whole, giving the words a meaning which serves rather than defeats the over-all legislative goals (see Motor Vehicle Acc. & Ind. Corp. v Eisenberg, 18 NY2d 1, 3; Matter of Taub [MVAIC], 31 AD2d 378, 381).
This said, we turn to the statute. When the Legislature authorized the filing of a certificate of self-insurance by car rental companies to demonstrate their financial ability to respond to liability claims (Vehicle and Traffic Law, § 370, subd 3), it in no way intended to decrease the insurance protection presently available. The legislative history of subdivision 3 of section 370 of the Vehicle and Traffic Law makes this clear. The bill jacket contains a memorandum from the Department of Motor Vehicles stating that the provisions “would not, by permitting self-insurance rather than requiring insurance, result in any diminution of the protection now afforded to users of [rental] vehicles or to other persons”. If, despite this official articulation of the problem, self-insurers are exempted from providing uninsured motorist coverage, their privilege of saving insurance premiums would work the precise diminution of protection of highway users which the Legislature refused to countenance.
Moreover, that self-insurers must pay an annual per vehicle assessment to the Motor Vehicle Accident Indemnification Corporation (MVAIC) (Vehicle and Traffic Law, § 370, subd 3) is not, as is suggested by Hertz, a payment in lieu of providing uninsured motorist coverage. The fee of $1.50 per vehicle was established in order to obtain a self-insurer’s contribution for its equitable share of the costs of administering MVAIC (see L 1963, ch 865 [establishing the requirement of payment to MVAIC by self-insurers] ). Hence, such payments are not substitutes for the provision of the coverage at issue.
In contrast to our analysis, which looks at the statutory scheme as a whole, the dissent relies on what may have been our overprecious and perhaps overliteral reading of *821 a law intended to govern the practical and remedial business of fairly distributing the cost of compensating innocently injured victims of our motor-driven society. It puts us in mind of Learned Hand’s warning against making “a fortress out of the dictionary” since “statutes always have some purpose or object * * * whose sympathetic and imaginative discovery is the surest guide to their meaning” (Cabell v Markham, 148 F2d 737, 739; see, also, Matter of Country-Wide Ins. Co. v Wagoner, 45 NY2d 581, 588). We believe a capsulization of the statutory scheme proves this point.
So, subdivision 1 of section 370 of the Vehicle and Traffic Law provides that corporations engaged in the business of carrying passengers for hire in motor vehicles (e.g., buses and taxis) must demonstrate their financial responsibility by filing either a corporate surety bond or a policy of insurance with the Commissioner of Motor Vehicles. Subdivision 1 also establishes minimum limits on liability and requires that vehicles for hire provide uninsured motorist coverage. The first paragraph of subdivision 3 of section 370 of the Vehicle and Traffic Law states that motor vehicle rental corporations “shall be subject to the provisions of this section in the same manner and to the same extent” (emphasis added) as corporations engaged in transporting passengers for hire, i.e., corporations subject to subdivision 1 of section 370 of the Vehicle and Traffic Law. The second paragraph of subdivision 3 of section 370 of the Vehicle and Traffic Law merely gives leasing companies an additional option to demonstrate their financial security: they may file a certificate of self-insurance in lieu of a bond or an insurance policy.
Finally, if, as the dissent argues, this option is interpreted to mean that a self-insured leasing company is relieved of all of the requirements of subdivision 1 of section 370 of the Vehicle and Traffic Law, then the leasing company would also not have to provide the minimum insurance coverage also mandated by subdivision 1 of section 370 of the Vehicle and Traffic Law. Were the issue of minimum coverage before us, we cannot believe that such a strained and narrow interpretation of the statute would be upheld, *822 especially in light of the statute’s directive that leasing companies and companies transporting passengers for hire be treated in the same manner.