Chief Judge Wachtler
(dissenting). I would affirm the order of the Appellate Division.
The Appellate Division correctly held that a municipality acting as a self-insurer must provide uninsured motorists benefits for injuries occurring in municipal vehicles, including police cars. The Legislature has not expressly provided any exemption for police vehicles from the obligation imposed by this statute and no explanation is given by the majority as to why the Legislature would want to create such an anomalous exception. Instead, the majority relies on a "logical” reading of two unrelated statutes concluding that if police vehicles need not be insured, those owning and operating them need not provide uninsured motorists’ benefits. This approach violates the literal wording of the statutes as well as the legislative intent, produces an illogical result, and ignores the fact that the exception impliedly created is completely arbitrary because it does not appear to serve any rational purpose.
A literal interpretation of the statutes, exempting governmental entities from the requirement to provide insurance or proof of financial responsibility for death or injury caused by police vehicles (Vehicle and Traffic Law arts 6, 7; Insurance Law § 3420 [e]) but not exempting them from providing uninsured motorist protection (Insurance Law § 3420 [f]), is not at all illogical and serves to carry out the legislative intent.
The financial responsibility provisions require the owner of a motor vehicle to obtain insurance or prove financial ability to serve as a self-insurer for injuries caused by the operation of the vehicle. Exempting police vehicles from this law does not relieve governmental entities from legal responsibility for injuries caused by the operation of police vehicles. It simply *296 relieves them of the obligation to purchase liability insurance or prove financial ability to cover judgments resulting from such injuries. In granting this exemption the Legislature has obviously determined that any branch of the government should be financially capable of paying for injuries caused by police vehicles and need not prove or demonstrate that fact (Vehicle and Traffic Law arts 6, 7; see also, Insurance Law § 5201 [b]; § 5202 [a] [exempting from the MVAIC Act injuries "caused by” police vehicles]).
The uninsured motorist provision, however, requires an insurer of a motor vehicle to pay for injuries sustained by the insured or any occupant of the vehicle, caused by another uninsured motor vehicle. The purpose of this statute is to afford protection to those injured by uninsured and financially irresponsible motorists. This type of legislation was expressly designed to fill a gap in the law by imposing liability on the insurer where none would exist at common law (see, 1958 NY Legis Ann, at 244, 299, 436, 473). It applies to self-insurers (Matter of Allstate Ins. Co. v Shaw, 52 NY2d 818), including municipalities operating municipal vehicles as self-insurers (Matter of Country-Wide Ins. Co. [Manning], 62 NY2d 748; Matter of New York City Tr. Auth. [Thom], 52 NY2d 1032). Exempting police vehicles from this law would do more than relieve them and the State from the unnecessary inconvenience of determining in advance their financial ability to pay damages for injuries sustained through the operation of police vehicles. It would, in fact, relieve governmental entities from uninsured motorist liability as owners or self-insurers for injuries sustained by employees or other occupants in such vehicles caused by a collision with another, uninsured vehicle. The Legislature has not expressly exempted police vehicles from this particular statutory liability (compare, Vehicle and Traffic Law § 388 [1], [2], making owners vicariously liable for negligent operation of their vehicles, but specifically exempting police vehicles). Reading this kind of exemption into the statute serves no apparent purpose.
In short, it appears that a statute designed only to eliminate the need to prove financial ability to meet legal obligations has been misapplied to extinguish one of those obligations.
Judges Simons, Kaye, Titone and Bellacosa concur with *297 Judge Alexander; Chief Judge Wachtler dissents and votes to affirm in a separate opinion in which Judge Hancock, Jr., concurs.
Order reversed, with costs, and petitioner’s applications for stays of arbitration denied. Certified question not answered as unnecessary.