OPINION OF THE COURT
Memorandum.
Order reversed without costs, and defendant’s motion for summary judgment dismissing the complaint denied.
Plaintiff, a provider, commenced the instant action against defendant New York City Transit Authority (sued herein as NYC Transit Authority) by filing a summons and complaint on October 10, 2006 seeking to recover assigned first-party no-fault benefits for claims which were submitted to defendant prior to September 8, 2003. After issue was joined, defendant moved for summary judgment dismissing the complaint pursuant to its affirmative defense that the statute of limitations bars the action. Defendant asserted that, since its liability as a self-insurer arose solely from the No-Fault Law (Insurance Law § 5101 et seq.) and the regulations promulgated thereunder, the action was time-barred by the three-year statute of limitations of CPLR 214 (2), applicable to actions “to recover upon a liability . . . created or imposed by statute.” Plaintiff, in opposition to the motion, argued that the action was governed by the six-year statute of limitations of CPLR 213 (2), applicable to actions based “upon a contractual obligation or liability, express or implied.” The Civil Court granted defendant’s motion for summary judgment dismissing the complaint. The instant appeal by plaintiff ensued.
Insurance Law § 5103 (a) imposes liability for the payment of first-party no-fault benefits upon insurers by requiring that “[e]very owner’s policy of liability insurance issued on a motor vehicle in satisfaction of the requirements of article six or eight of the vehicle and traffic law shall also provide for . . . the payment of first party benefits.” The statute imposes the same liability upon self-insurers by requiring that “every owner who maintains another form of financial security on a motor vehicle *41 in satisfaction of the requirements of [article six or eight of the vehicle and traffic law] shall be liable for . . . the payment of first party benefits.” (Id.) Pursuant to the authority granted by Insurance Law §§ 301 and 5103 (d), the Superintendent of Insurance promulgated Regulation 68-A (Insurance Department Regulations [11 NYCRR] § 65-1.1), setting forth the basic form of the mandatory personal injury protection endorsement which must be included in every automobile liability insurance policy issued in the state, and Regulation 68-B (Insurance Department Regulations [11 NYCRR] § 65-2.1), setting forth the rights and liabilities of self-insurers with respect to the payment of first-party no-fault benefits. Although Regulations 68-A and 68-B impose essentially the same liabilities for the payment of first-party no-fault benefits, defendant argues that the liability of an insurer arises from an insurance policy which contains the mandatory personal injury protection endorsement, whereas the liability of a self-insurer arises solely from the Insurance Law and the regulations promulgated thereunder. Thus, defendant contends, while an action to recover first-party no-fault benefits owed under an insurance policy containing the mandatory personal injury protection endorsement is properly characterized as a contract action, and is therefore governed by the six-year statute of limitations of CPLR 213 (2), the instant action against defendant, a self-insurer, cannot be so characterized.
In our opinion, defendant’s argument lacks merit. The legal requirements imposed upon a self-insured entity are coextensive with the requirements imposed upon other insurers. A self-insurer undertakes “all the duties and responsibilities of an insurer . . . [and] may not, merely because it is a self-insurer, decrease the obligations that it owes to its insureds” (ELRAC, Inc. v Ward, 96 NY2d 58, 77 [2001]). Self-insurers have the same statutory responsibility as other insurers to provide uninsured motorist (UM) coverage to a claimant (see Matter of Allstate Ins. Co. v Shaw, 52 NY2d 818 [1980]; Matter of Manhattan & Bronx Surface Tr. Operating Auth. v Evans, 95 AD2d 470 [1983]). A claim against a self-insured entity for UM benefits, while statutorily mandated, is considered “contractual rather than statutory in nature” and, as such, has been held to be subject to a six-year statute of limitations (see Matter of ELRAC Inc. v Suero, 38 AD3d 544, 545 [2007] [internal quotation marks omitted]).
In Mandarino v Travelers Prop. Cas. Ins. Co. (37 AD3d 775, 778 [2007]), involving a dispute between an insurer and the as *42 signee of the insured regarding the recovery of first-party no-fault benefits under the terms of an insurance policy, the Appellate Division, Second Department, held that, although the terms of the no-fault endorsement of the policy might have been mandated by statute, “this does not alter the fact that the dispute is fundamentally contractual in nature and not a creature of statute.” Accordingly, the Court held that the six-year statute of limitations set forth in CPLR 213 (2) was applicable to an action to recover first-party no-fault benefits.
Like the UM endorsement, the personal injury protection endorsement (no-fault endorsement) is also mandatory. Just as the rights and remedies of an injured claimant are set forth in the mandatory UM endorsement, so are the rights and remedies of an insured person set forth in the mandatory no-fault endorsement. Since the right to obtain UM protection from a self-insurer “is no less than the corresponding right under a policy issued by an insurer” (Matter of Country-Wide Ins. Co. [Manning], 96 AD2d 471, 472 [1983], affd 62 NY2d 748 [1984]), it follows that the right to obtain first-party no-fault coverage from a self-insurer is no less than the right to obtain the same from an insured under a policy (see Pinnacle Open MRI, P.C. v Republic W. Ins. Co., 18 Misc 3d 626 [2008]). Accordingly, we hold that an action to recover first-party no-fault benefits from a self-insured entity is subject to the same six-year statute of limitations as an action against an insurer pursuant to the policy. The Civil Court, therefore, should not have granted defendant’s motion for summary judgment dismissing the complaint.
Pesce, PJ., Golia and Rios, JJ., concur.