OPINION OF THE COURT
Per Curiam.
Order, dated May 7, 2007, reversed, without costs, motion denied and complaint reinstated.
Defendant New York City Transit Authority concedes that as a self-insurer, it is subject to the provisions of the No-Fault Law to the same extent as an insurer (see Insurance Law § 5103 [a]; Vehicle and Traffic Law § 321 [2]; Public Authorities Law § 1215; Dermatossian v New York City Tr. Auth., 67 NY2d 219 [1986]), and that actions to recover no-fault benefits are generally governed by a six-year statute of limitations (see CPLR 213 [2]; Matter of Travelers Indem. Co. of Conn, v Glenwood Med., P.C., 48 AD3d 319 [2008]). It argues, however, that while an injured claimant has six years to assert a no-fault claim against an insured owner, a claimant must assert an identical claim against a self-insurer within three years, since the liability of a self-insurer for the payment of no-fault benefits is derived strictly from statute. We disagree.
Defendant’s responsibility to provide no-fault coverage is mandatory and the obligation is not decreased merely because defendant is self-insured (see Matter of Allstate Ins. Co. v Shaw, 52 NY2d 818, 820 [1980]). As in the case of an uninsured motorist claim (see Matter of ELRAC, Inc. v Suero, 38 AD3d 544 [2007], lv denied 9 NY3d 811 [2007]), the right to obtain no-fault coverage, from an injured claimant’s perspective, “is no less than the corresponding right under a policy issued by an insurer” (id. at 545 [internal quotation marks omitted]; see also Spring World Acupuncture, P.C. v New York City Tr. Auth., 24 Misc 3d 39 [2009]). The Suero court held that although a claim for uninsured motorist benefits against a self-insurer is statutorily mandated, such a claim remains contractual in nature and thus, is subject to a six-year statute of limitations. Since we find no basis in law or compelling reasons of policy to distinguish between the right to uninsured motorist benefits and the right to no-fault benefits, we hold that a claim for no-fault benefits against a self-insurer, such as defendant here, is governed by a six-year statute of limitations.
McKeon, PJ., and Heitler, J., concur.