■ In the Matter of ELRAC, INC., Respondent, v BIRTIS EXUM, Appellant. [901 NYS2d 19]—

Order, Supreme Court, Bronx County (Patricia Anne Williams, J.), entered March 11, 2009, granting the petition of ELRAC, Inc., for a permanent stay of arbitration, unanimously reversed, on the law, without costs, and the petition denied.

Where respondent, operating a motor vehicle owned by petitioner, who was his employer, was in an accident with an uninsured motorist, the court erred in granting the petition to stay arbitration of his uninsured motorist claim against petitioner. Petitioner argues that since the accident occurred in the regular course of respondent's employment, the exclusivity provisions of the Workers' Compensation Law preclude respondent from arbitrating a claim against his employer, who was self-insured (*see* Workers' Compensation Law § 11). Notably, although petitioner is self-insured, it is required to provide uninsured motorist benefits pursuant to Insurance Law § 3420 (f) (1) (*see Matter of Allstate Ins. Co. v Shaw*, 52 NY2d 818 [1980]; *Matter of New York City Tr. Auth. [Thom]*, 70 AD2d 158 [1979], *affd* 52 NY2d 1032 [1981]). It follows that the right to obtain uninsured motorist protection from a self-insurer is no less than the corresponding right under a policy issued by an insurer (*see Matter of Country-Wide Ins. Co. [Manning]*, 96 AD2d 471, 472 [1983], *affd* 62 NY2d 748 [1984]). Given the public policy of this State requiring insurance against injury caused by an uninsured motorist (*see Matter of State Farm Mut. Auto. Ins. Co. v Amato*, 72 NY2d 288, 292 [1988]), we find that a self-insured employer is required to provide mandatory uninsured motorist benefits to employees and that the Workers' Compensation Law does not preclude the employee from filing such a claim against the employer. Accordingly, the petition to stay arbitration should be denied.

Furthermore, we reject the petition as untimely, as it was filed 13 months after petitioner received respondent's notice of intention to arbitrate, long after expiration of the 20-day time limitation of CPLR 7503 (c). Concur—Andrias, J.P., Sweeny, Renwick, Abdus-Salaam and Manzanet-Daniels, JJ.