■ In the Matter of the Arbitration between KEMPER NATIONAL INSURANCE COMPANY et al., Appellants, and PATRICIA RUSSELL, Respondent. [905 NYS2d 313]—

Peters, J. Appeal from an order of the Supreme Court (Aulisi,

---

J.), entered June 22, 2009 in Schenectady County, which partially granted petitioners' application pursuant to CPLR 7503 to stay arbitration between the parties.

Respondent was injured in a 2000 accident in which the automobile she was driving was rear-ended by another car. She retained a law firm to bring a personal injury suit and, when the firm failed to timely do so, her ensuing legal malpractice action against the firm settled for $50,000, the full limit of the other driver's automotive liability insurance.[1] Respondent then advised petitioners, her automotive insurer and its third-party administrator, that she intended to file a supplementary uninsured/underinsured motorist (hereinafter SUM) insurance coverage claim. After she demanded arbitration of that claim, petitioners commenced this proceeding seeking a stay of arbitration. Supreme Court granted the petition to the extent of temporarily staying arbitration pending a hearing on various issues, and petitioners appeal.

An insurer is obligated to pay under SUM coverage if the bodily injury liability insurance limits of its insured's policy exceed those of the other policy, subject to the condition that "the limits of liability of all bodily injury liability bonds or insurance policies applicable at the time of the accident shall be exhausted by payment of judgments or settlements" (Insurance Law § 3420 [f] [2] [A]; *see Matter of Federal Ins. Co. v Watnick*, 80 NY2d 539, 546 [1992]). The statute, in short, "requires primary insurers to pay every last dollar, and requires [respondent] to accept no less, prior to the initiation of an underinsurance claim" (*Matter of Federal Ins. Co. v Watnick*, 80 NY2d at 546). The primary insurer here, however, has paid nothing, as respondent was forced to recover damages in a separate legal malpractice claim. As the other driver's policy limit was not exhausted by payment, respondent's own SUM coverage does not come into play, and Supreme Court should have granted petitioners' application for a permanent stay.

In light of the foregoing, we need not consider petitioners' remaining arguments.

Cardona, P.J., Mercure and Kavanagh, JJ., concur.

Garry, J. (dissenting). I respectfully dissent. The Insurance Law establishes the condition precedent to the recovery of benefits under supplementary uninsured/underinsured motorist insurance (hereinafter SUM) as follows: "As a condition prece-

1. Respondent notified petitioners of the proposed settlement of her legal malpractice claim and requested their consent to the settlement, but allegedly received no response.

726

dent to the obligation of the insurer to pay under [SUM] coverage, *the limits of liability* of all bodily injury liability bonds or insurance policies applicable at the time of the accident shall be exhausted by payment of judgments or settlements" (Insurance Law § 3420 [f] [2] [A] [emphasis added]). Supreme Court properly analyzed the plain language of this statute and assigned appropriate weight and emphasis to the phrase "limits of liability." The word "limits" is the subject of the sentence ("the limits of liability . . . shall be exhausted") and, as such, the controlling concept of the legislation. The majority, instead, places undue emphasis on the modifying phrase "all bodily injury . . . insurance policies" in holding that respondent must obtain the pertinent funds directly from the automobile carrier as a condition precedent to enforcing her contract with her own carrier. Had the Legislature intended to require exhaustion of the applicable *policies* as opposed to exhaustion of the *limits*, this purpose would be met by simply stating that "all bodily injury insurance policies . . . shall be exhausted." This is not what the statute requires; the modifying phrase instead defines the *measure* of benefits, nothing more, and neither precedent nor public policy supports construing the statutory language as the majority suggests.

In consideration of the significant public policy concerns which led to their enactment, statutes such as this one "must be interpreted as a whole, giving the words a meaning which serves rather than defeats the over-all legislative goals" (*Matter of Allstate Ins. Co. v Shaw*, 52 NY2d 818, 820 [1980]). The Legislature's purpose in enacting Insurance Law § 3420 (f) (2) was "to allow an insured to 'obtain the same level of protection for himself and his passengers which he purchased to protect himself against liability to others' " (*Matter of Prudential Prop. & Cas. Co. v Szeli*, 83 NY2d 681, 686 [1994], quoting State Exec Dept Mem, 1977 McKinney's Session Laws of NY, at 2446). Respondent presumably obtained SUM coverage for that purpose, and the majority's "unnecessarily restrictive" interpretation (*Matter of Vanguard Ins. Co. [Polchlopek]*, 18 NY2d 376, 381 [1966]) not only denies her the benefit of her bargain, but fails to serve "the avowed purpose of SUM coverage . . . to protect the insured against accidents with both uninsured and underinsured motorists" (*Butler v New York Cent. Mut. Fire Ins. Co.*, 274 AD2d 924, 926 [2000]; *see* 11 NYCRR 60-2.1; *Matter of Allstate Ins. Co. v Shaw*, 52 NY2d 818, 820 [1980]).

Upon this appeal, it is undisputed that respondent obtained the full amount of the "limits of liability" of the tortfeasor's bodily injury policy applicable at the time of the accident, albeit

from another carrier. This unusual circumstance apparently presents a matter of first impression and, as Supreme Court correctly noted, no legal precedent establishes that the source of payment, as opposed to the amount of the payment, is a critical factor in the analysis. Instead, as respondent has obtained the full amount of the "limits of liability" of the applicable underlying bodily injury policy, the requisite statutory condition has been met, and the insurer's interests have been fully protected.[2] Accordingly, I would affirm the determination in full and allow the parties to proceed for determination of the remaining issues.

Ordered that the order is modified, on the law, without costs, by reversing so much thereof as partially denied petitioners' application; application granted in its entirety and arbitration between the parties stayed; and, as so modified, affirmed.

---

2. The issue of notice remains to be determined.