■ In the Matter of New York City Transit Authority, Respondent, v Darriell Powell et al., Appellants. Tower Insurance Company et al., Proposed Respondents. [5 NYS3d 234]—

In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of uninsured motorist claims, Darriell Powell and Aminah Abdulkarriem appeal (1) from an order of the Supreme Court, Kings County (Bunyan J.), dated April 3, 2013, which, without a hearing, granted the petition to permanently stay arbitration, and (2), as limited by their brief, from so much of an order of the same court dated September 4, 2013, as, upon reargument, adhered to the original determination.

Ordered that the appeal from the order dated April 3, 2013, is dismissed, as that order was superseded by the order dated September 4, 2013, made upon reargument; and it is further;

Ordered that order dated September 4, 2013, is reversed insofar as appealed from, on the law, with one bill of costs, and, upon reargument, the order dated April 3, 2013, is vacated, the petition to permanently stay arbitration is denied, and the parties are directed to proceed to arbitration.

The Supreme Court erred in determining, as a matter of law, that the appellants abandoned the demand to arbitrate their claims for uninsured motorist benefits. While more than three years elapsed between the service of the original demand and the filing of the demand with the American Arbitration Association, there is evidence in the record which is inconsistent with a finding of an intent to abandon (cf. *Matter of Finkelstein [Harris]*, 17 AD2d 137 [1962]). Moreover, we note that the demand was filed within the six-year limitations period for filing a claim for uninsured motorist benefits against a self-insurer (see *Matter of New York City Tr. Auth. v Hill*, 107 AD3d 897 [2013]; *Matter of ELRAC Inc., v Suero*, 38 AD3d 544, 545 [2007]). Under the circumstances, issues of undue delay or abandonment are for the arbitrator (see *New York Tel. Co. v Speciner*, 55 NY2d 1002 [1982]). Eng, P.J., Austin, Cohen and Barros, JJ., concur.