Contact Chiropractic, P.C. v New York City Tr. Auth. (2018 NY Slip Op 03093)

Contact Chiropractic, P.C. v New York City Tr. Auth.

2018 NY Slip Op 03093 [31 NY3d 187]

May 1, 2018

Fahey, J.

Court of Appeals

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

As corrected through Wednesday, June 27, 2018

[*1]

Contact Chiropractic, P.C., as Assignee of Girtha Butler, Respondent,
v
New York City Transit Authority, Appellant.

Argued March 21, 2018; decided May 1, 2018

Contact Chiropractic, P.C. v New York City Tr. Auth., 135 AD3d 804, reversed.

{**31 NY3d at 192} OPINION OF THE COURT

Fahey, J.

This appeal presents the question whether the three-year statute of limitations set forth in CPLR 214 (2) applies to no-fault claims against a self-insurer. We conclude that it does.
Background and Motion Practice
In January 2001, Girtha Butler sustained personal injuries in a motor vehicle accident involving a bus on which she was a passenger. The bus was owned by defendant, New York City Transit Authority. It did not have no-fault coverage and instead was self-insured with respect to that risk.[FN1] Plaintiff, Contact Chiropractic, P.C., subsequently provided health services to{**31 NY3d at 193} Butler for the personal injuries she sustained in the accident. Butler assigned to plaintiff her right to recover first-party benefits from the self-insured defendant. To that end, plaintiff submitted its claims, bills, and no-fault verification forms to defendant between March 14, 2001 and August 27, 2001.
[*2]
On January 8, 2007, plaintiff commenced this action seeking, among other things, reimbursement for allegedly outstanding invoices. After joining issue, defendant moved for an order to, among other things, dismiss the complaint "based on [plaintiff's] failure to commence the action within the three-year statute of limitations." Defendant contended that the three-year statute of limitations under CPLR 214 (2), which applies to actions to recover upon a liability created or imposed by statute, governs this case because defendant was self-insured at the time of the subject accident and therefore had no contract for insurance with respect to that loss, as opposed to CPLR 213 (2), which establishes a six-year period of limitations for an action based upon a contractual obligation or liability. Defendant relied upon authority of the Appellate Division, First Department, providing that a self-insured's "obligation to provide no-fault benefits arises out of the no-fault statute," and that "the three-year statute of limitations as set forth in CPLR 214 (2)" applies to disputes with respect to the payment of such benefits by a self-insured (M.N. Dental Diagnostics, P.C. v New York City Tr. Auth., 82 AD3d 409, 410 [1st Dept 2011]).
In opposition to the motion, plaintiff maintained that the six-year statute of limitations controls this case. For its part, plaintiff relied upon authority of the Appellate Division, Second Department, providing that an injured person's "claim for uninsured motorist benefits against a self-insured vehicle owner, while statutorily mandated, remains contractual rather than statutory in nature and, as such, is subject to the six-year statute of limitations" (Matter of ELRAC, Inc. v Suero, 38 AD3d 544, 545 [2d Dept 2007] [internal quotation marks and citations omitted], lv denied 9 NY3d 811 [2007]).
Civil Court denied the motion, holding that a six-year statute of limitations applies to no-fault benefit claims against both insurers and self-insurers. The court reasoned that "[n]either self-insured nor governmental status supports a shortened {**31 NY3d at 194}statute of limitations"; in support of that point, the court noted that the Second Department has applied a six-year statute of limitations to no-fault claims, regardless of whether the prospective payor has an insurance policy or is self-insured (see Suero, 38 AD3d at 544).
Defendant subsequently moved for leave to renew the motion, and the court granted renewal but adhered to the prior determination. In this order, the court acknowledged the "split of authority" in the Appellate Division with respect to this statute of limitations question, and deemed controlling the Second Department case law applying a six-year statute of limitations in cases such as this one on the ground that "no-fault matters . . . are arguably contractual in nature, even when dealing with a self-insured entity such as [defendant]."
The Appeals in the Lower Courts
On appeal, the Appellate Term affirmed the order determining the motion to renew and applying the six-year statute of limitations to this matter (42 Misc 3d 60 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013]), reasoning "that the intent of the legislature was not to impose a lesser duty on a public carrier which posts a bond than the duty imposed upon an owner who purchases insurance" (id. at 62). On further appeal, the Appellate Division affirmed the Appellate Term's order, concluding that the Appellate Term had "correctly determined that an action by an injured claimant, or his or her assignee, to recover first-party no-fault benefits from a defendant who is self-insured, is subject to a six-year statute of limitations, since the claim is essentially contractual, as opposed to statutory, in nature" (135 AD3d 804, 805 [2d Dept 2016]).
The Appellate Division granted defendant's subsequent application for leave to appeal to this Court and certified this question for our review: "Was the decision and order of [the Appellate Division], which determined that an action to recover first-party no-fault benefits from a party which is self-insured is subject to a six-year statute of limitations, properly made?" We now answer that question in the negative.
Analysis
[*3]
This case arises from the No-Fault Law, which "is aimed at ensuring 'prompt compensation for losses incurred by accident victims without regard to fault or negligence, to reduce the burden on the courts and to provide substantial premium savings{**31 NY3d at 195} to New York motorists' " (Viviane Etienne Med. Care, P.C. v Country-Wide Ins. Co., 25 NY3d 498, 504-505 [2015], quoting Matter of Medical Socy. of State of N.Y. v Serio, 100 NY2d 854, 860 [2003]). We previously have recognized the complex "nature of the statutory and regulatory scheme of the No-Fault Law" (id. at 505), characterizing it as a "Rube-Goldberg" like maze (Presbyterian Hosp. in City of N.Y. v Maryland Cas. Co., 90 NY2d 274, 286 [1997]). This matter is another illustration of the intricacy of that law.
Our review begins with Vehicle and Traffic Law § 312 (1) (a), which provides, in pertinent part, that
"[n]o motor vehicle shall be registered in this state unless the application for such registration is accompanied by proof of financial security which shall be evidenced by proof of insurance or evidence of a financial security bond, a financial security deposit or qualification as a self-insurer under [Vehicle and Traffic Law § 316]."
Inasmuch as the registrant of a motor vehicle may prove "financial security" through, among other things, evidence of a "financial security bond" (Vehicle and Traffic Law § 312), it follows that registration of a motor vehicle in this state is not contingent upon proof of insurance. To the extent a registrant elects to forgo insurance, the alternative form of financial security chosen (be it self-insurance under Vehicle and Traffic Law § 316 or the financial security bond referenced in section 312) must satisfy Insurance Law § 5103, which generally requires the payment of no-fault benefits (minimum amounts of which are specified in 11 NYCRR 65-1.1) and which applies its provisions to any contract for insurance that does not meet the demands of that article (Insurance Law § 5103 [h]; see Matter of Allstate Ins. Co. v Shaw, 52 NY2d 818, 820 [1980]).
In matters involving questions with respect to no-fault claims against insurance companies liable for no-fault benefits due to the issuance of an insurance policy, the Appellate Division has applied a six-year statute of limitations (see Matter of Travelers Indem. Co. of Conn. v Glenwood Med., P.C., 48 AD3d 319, 319 [1st Dept 2008]; Mandarino v Travelers Prop. Cas. Ins. Co., 37 AD3d 775, 776 [2d Dept 2007]; Benson v Boston Old Colony Ins. Co., 134 AD2d 214, 215 [1st Dept 1987]; Micha v Merchants Mut. Ins. Co., 94 AD2d 835, 835 [3d Dept 1983]; 
see also Flatlands Acupuncture, P.C. v Fireman's Fund Ins. Co., 32{**31 NY3d at 196} 
Misc 3d 17, 18 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]; Chester Med. Diagnostic, P.C. v Kemper Cas. Ins. Co., 21 Misc 3d 1108[A], 2008 NY Slip Op 52009[U], *2 [Civ Ct, Kings County 2008] [collecting Appellate Division cases]). This dispute, however, arises from an instance in which the party responsible for the payment of no-fault benefits is self-insured and, as noted, the law is unsettled regarding what statute of limitations applies to no-fault benefit claims involving such entities.
We conclude that the three-year statute of limitations as set forth in CPLR 214 (2), which governs disputes with respect to liabilities created by statute, should control this case. There is no dispute "that it is the gravamen or essence of the cause of action that determines the applicable Statute of Limitations" (Western Elec. Co. v Brenner, 41 NY2d 291, 293 [1977]), or that a three-year limitations period applies to "an action to recover upon a liability . . . created or imposed by statute" (CPLR 214 [2]; cf. CPLR 213 [2] [imposing a six-year statute of limitations upon actions involving contractual obligations and liabilities]). Moreover, although the three-year period of limitations in "CPLR 214 (2) does not automatically apply to all causes of action in which a statutory remedy is sought" (Gaidon v Guardian Life Ins. Co. of Am., 96 NY2d 201, 208 [2001]), that condition does attach to instances in which "liability would not exist but for a statute" (id. [internal quotation marks omitted]).
The no-fault benefits in dispute are not provided by a contract with a private insurer. Instead defendant has met its statutory obligation by self-insuring. No-fault is a creature of statute (see Aetna Life & Cas. Co. v Nelson, 67 NY2d 169, 175 [1986] ["the No-Fault Law does not codify common-law principles; it creates new and independent statutory rights and obligations in order to provide a more efficient means for adjusting financial responsibilities arising out of automobile accidents"]). Our holding in Aetna Life & Cas. Co. is directly applicable here. As we stated in that case, "first-party benefits are a form of compensation unknown at common law, resting on predicates independent of the fault or negligence of the injured party" (id. at 175). In the absence of private law requiring defendant to pay first-party benefits (that is, in the absence of a contract for insurance), the only requirement that defendant provide such remuneration to the assignee as a result of the accident appears in relevant [*4]parts of the Vehicle and Traffic Law and the Insurance Law. Consequently, the source of{**31 NY3d at 197} this claim is wholly statutory, meaning that the three-year period of limitations in CPLR 214 (2) should control this case.[FN2]
Finally, we note that our holding here does not reduce the no-fault liability or obligations of self-insurers, or curtail the substantive no-fault rights of injured parties or their assignees as against such self-insurers. "[S]tatutes of limitations are considered procedural because they are deemed as pertaining to the remedy rather than the right" (Portfolio Recovery Assoc., LLC v King, 14 NY3d 410, 416 [2010] [internal quotation marks omitted]). Therefore, applying the three-year statute of limitations set forth in CPLR 214 (2) does not alter the substantive protections afforded under the No-Fault Law to those with a claim against a self-insurer.
Accordingly, the Appellate Division order should be reversed, with costs, that branch of defendant's motion which was to dismiss the complaint as time-barred granted, and the certified question answered in the negative.

Stein, J. (concurring). I concur in the majority's analysis and conclusion. However, I write separately to point out that, on this appeal, we do not resolve the question of whether insurance companies who issue contractual insurance policies covering no-fault claims are subject to a three- or six-year statute of limitations, as that question is not before us.

Garcia, J. (dissenting). [*5]I would hold that an action to recover no-fault benefits—whether from insurers or self-insurers—is subject to the six-year statute of limitations. As the majority acknowledges, the lower courts have, for decades, held that a no-fault claim against an insurance company is subject to the six-year limitation (majority op at 
195-196 [collecting cases]). And this Court has cited to the "applicable six-year Statute of Limitations" for such claims (Gurnee v Aetna Life &{**31 NY3d at 198} Cas. Co., 55 NY2d 184, 193 [1982]). Despite accepting that premise, the majority holds that the same claim against a self-insurer—on the same theory of liability—is subject to the three-year statute of limitations. By electing to be self-insured, defendant stands in the same position as any other insurer under the No-Fault Law. A different statute of limitations for self-insurers, essentially providing a shorter limitations period for those who demonstrate "financial security," is an unfortunate result and one not required by our precedent. Accordingly, I dissent.
I.
As the name suggests, New York's "Comprehensive Motor Vehicle Insurance Reparations Act," commonly referred to as the "No-Fault Law" (see Insurance Law § 5101 et seq.), requires that "every owner of a motor vehicle provide himself [or herself], members of [the owner's] household, operators, occupants and pedestrians with compensation for 'basic economic loss' resulting from injuries occasioned by the use or operation of that vehicle in this State, regardless of fault" (Montgomery v Daniels, 38 NY2d 41, 46 [1975]). "[T]he no-fault legislation foreclosed recovery for pain and suffering by persons who had suffered relatively minor injuries in automobile accidents, but balanced this by providing a means of obtaining prompt and full recovery for certain economic losses" (Gurnee, 55 NY2d at 193). The No-Fault Law imposes equal liability for the payment of no-fault benefits on insurers and self-insurers alike (see Insurance Law § 5103 [a] [1]; Dermatossian v New York City Tr. Auth., 67 NY2d 219, 224 [1986]).[FN1]
Reimbursement payments for basic economic loss, known as "first-party benefits" (Insurance Law § 5102 [b]), must be made "as the loss is incurred" and benefits become "overdue if not paid within thirty days after the claimant supplies proof of the fact and amount of loss sustained" (id. § 5106 [a]). Accordingly, the accrual date for a cause of action against an insurer or self-insurer based on its failure to pay first-party benefits is the date when the payments became overdue (see Matter of Motor Veh. Acc. Indem. Corp. v Aetna Cas. & Sur. Co., 89 NY2d 214, 222 [1996]).
{**31 NY3d at 199}The No-Fault Law does not provide a statute of limitations for actions to recover first-party benefits from insurers or self-insurers. Accordingly, in determining the appropriate limitations period, "it is necessary to examine the substance of that action to identify the relationship out of which the claim arises and the relief sought" (Hartnett v New York City Tr. Auth., 86 NY2d 438, 443-444 [1995], quoting Solnick v Whalen, 49 NY2d 224, 229 [1980]). The touchstone is "the gravamen or essence of the cause of action" rather than the form in which it is pleaded (Western Elec. Co. v Brenner, 41 NY2d 291, 293 [1977]).
A claim in contract is subject to the six-year statute of limitations in CPLR 213 (2), which "includes a cause of action for indemnification, whether the obligation to indemnify arises expressly or by operation of law" (David D. Siegel, New York Practice § 35 at 46 [5th ed 2011]). By contrast, the three-year statute of limitations applies to "an action to recover upon a liability, penalty or forfeiture created or imposed by statute except as provided in sections 213 and 215" (CPLR 214 [2]). The three-year limitations period "does not automatically apply to all causes of action in which a statutory remedy is sought, but only where liability 'would not exist but for a statute' " (Gaidon v Guardian Life Ins. Co. of Am., 96 NY2d 201, 208 [2001], quoting Aetna Life & Cas. Co. v Nelson, 67 NY2d 169, 174 [1986]).
The majority's application of the three-year statute of limitations in CPLR 214 (2) forecloses any recovery here, despite the fact that defendant made no payments or adjustments whatsoever with respect to the claims, bills, and no-fault verification forms submitted by plaintiff. I would apply the six-year statute of limitations in CPLR 213 (2) and hold that plaintiff's action was timely.
II.
[*6]As the majority notes, it is well settled that an action to recover first-party benefits from an insurance company is premised on the terms of the insurance contract and so subject to CPLR 213 (2)'s six-year statute of limitations (see majority op at 
195-196). The First, Second, and Third Departments have long held that a no-fault claim asserted by an insured against an insurer is contractual in nature and therefore subject to the six-year statute of limitations (see Mandarino v Travelers Prop. Cas. Ins. Co., 37 AD3d 775, 776 [2d Dept 2007] [holding "that a no-fault claimant's right (or that of his or her assignee) to recover{**31 NY3d at 200} first-party benefits derives primarily from the terms of the relevant contract of insurance"]; Benson v Boston Old Colony Ins. Co., 134 AD2d 214, 215 [1st Dept 1987]; Micha v Merchants Mut. Ins. Co., 94 AD2d 835, 836 [3d Dept 1983]). This Court has also recognized that the six-year limitation applies to claims seeking withheld or overdue first-party benefits (Gurnee, 55 NY2d at 193).[FN2] In an analogous context, we applied the six-year statute of limitations to an uninsured motorist claim against the Motor Vehicle Accident Indemnification Corporation (MVAIC) under the relevant insurance policy (see Matter of De Luca [Motor Veh. Acc. Indem. Corp.], 17 NY2d 76, 79 [1966]).
There is no dispute that a no-fault action against an insurer is subject to the six-year statute of limitations governing contractual obligations.[FN3] III.
The issue then is whether a self-insurer should have a different limitations period than an insured who pays a premium for coverage. Considerations of public policy and fundamental fairness militate against that outcome. Those considerations should control given that application of a uniform six-year limitations period finds support in our case law.
A.
Contrary to the majority's assertion, the absence of a contract does not necessarily mean that an action against a self-insurer is fundamentally statutory in nature. The term "insurer" is defined in the No-Fault Law as "the insurance company or the self-insurer, as the case may be" (Insurance Law § 5102 [g]). Although technically a self-insurer, defendant is nonetheless considered the functional equivalent of an "insurer" for the {**31 NY3d at 201}purposes of administering no-fault coverage. Indeed, self-insurance is different from insurance only insofar as "the self-insurer has assumed the risk of personally satisfying any tort judgments against it" (ELRAC, Inc. v Ward, 96 NY2d 58, 74 [2001]). But, in this context, the obligation to provide no-fault benefits is functionally the same for insurers and self-insurers. We therefore "attach no legal significance to whether the [defendant] is self-insured or carries insurance coverage" (Ryder Truck Lines v Maiorano, 44 NY2d 364, 372 [1978]). As a corporation carrying passengers for hire, defendant "may . . . choose one method or the other to make economic provision to assure discharge of its financial obligations. Its liability, however, is unaffected by the implementing mechanism it selects" (id.).
The lack of a meaningful difference between insurers and self-insurers is confirmed by settled precedent. In Matter of Allstate Ins. Co. v Shaw (52 NY2d 818 [1980]), this Court resolved the question whether self-insured entities were required to provide uninsured motorist benefits. We answered that question in the affirmative, holding that self-insurers had to provide the same minimum coverage as insured entities with insurance policies. We then extended the [*7]rationale in Shaw to hold that Workers' Compensation Law § 11 does not bar an employee from recovering uninsured motorist benefits from his self-insured employer in connection with an accident that occurred while the employee was driving the employer's vehicle (see Matter of Elrac, Inc. v Exum, 18 NY3d 325, 327-328 [2011]). In so holding, we noted that "[a]n action against a self-insurer to enforce the liability recognized in Shaw is, in our view, essentially contractual. The situation is as though the employer had written an insurance policy to itself, including the statutorily-required provision" (id. at 328 [emphasis added]).
By electing to be self-insured, defendant assumes the obligation to provide no-fault and uninsured motorist coverage and "[w]ith that, [defendant] undertook all the duties and responsibilities of an insurer" (Ward, 96 NY2d at 77). Defendant, in other words, is in the same position as any other insurer for the purposes of providing coverage. The instrumentality of no-fault coverage—whether a certificate of self-insurance or a policy of insurance—is immaterial to the obligation to indemnify. Plaintiff's claim against a self-insurer is therefore properly{**31 NY3d at 202} viewed as a breach of contract governed by the six-year statute of limitations.[FN4]
Citing our decision in Aetna Life & Cas. Co. v Nelson (67 NY2d 169 [1986]), the majority nonetheless posits that no-fault coverage is a creature of statute. In Nelson, we observed that the "no-fault concept . . . modifies the common-law system of reparation for personal injuries under tort law . . . and that first-party benefits are a form of compensation unknown at common law, resting on predicates independent of the fault or negligence of the injured party" (id. at 175 [internal quotation marks omitted]). In short, "the No-Fault Law does not codify common-law principles; it creates new and independent statutory rights and obligations in order to provide a more efficient means for adjusting financial responsibilities arising out of automobile accidents" (id.). We therefore applied CPLR 214 (2)'s three-year statute of limitations to an insurance company's action to enforce a statutory lien, pursuant to a specific provision of the No-Fault Law, on a judgment awarded to a plaintiff who had already been paid first-party benefits (see Nelson, 67 NY2d at 174-175; Insurance Law § 5104 [b]). That third-party claim, which did not exist at common law, "could not properly be viewed as arising out of any contract" (Mandarino, 37 AD3d at 777). The present case, involving a direct claim for indemnification by an injured party or the party's assignee, is readily distinguishable. That self-insurers may avoid purchasing an insurance policy does not alter the basis of their liability.
B.
As we have consistently recognized, a defendant "may not, merely because it is a self-insurer, decrease the obligations that it owes to its insureds" (Ward, 96 NY2d at 77; see Shaw, 52 NY2d at 820). Giving self-insurers, based on no substantive difference in their obligation to pay, a shorter limitations period than those who obtain insurance policies, leads to arbitrary and inequitable outcomes in the provision of no-fault benefits. Consider the scenario of a private automobile, insured through a policy of insurance, colliding with a public bus,{**31 NY3d at 203} insured through a certificate of self-insurance. The driver of the car and a passenger on the bus suffer relatively minor injuries requiring medical treatment. They both seek payment for first-party medical benefits from those obligated to pay. Under the majority's holding, the injured driver will have six years to file suit based on the failure to pay first-party benefits, but the injured passenger will have only three years. By the mere fortuity that a public bus company is "self-insured," the injured passenger is put at significant disadvantage. From an injured claimant's perspective, however, the right to recover benefits from a self-insurer is no different than the equivalent right under a contract of insurance issued to a private automobile owner (see Matter of Country-Wide Ins. Co. [Manning], 96 AD2d 471, 472 [1st Dept 1983], affd 62 NY2d 748 [1984]). The rule now put forward by the majority raises the troubling appearance that an equally-deserving claimant could be barred from recovering benefits merely because the offending party effectively "bought" self-insured status. In making insurers and self-insurers equally liable for no-fault benefits, I do not believe the legislature ever contemplated such an outcome.[FN5][*8]
IV.
An action to recover no-fault benefits from an insurer is subject to the six-year statute of limitations in CPLR 213 (2). Applying the same six-year limitation to self-insurers would make the limitations period consistent across all no-fault claims. Our precedent supports this outcome and it is consistent with the public policy underlying no-fault liability. Allowing six years for bringing claims against an insured but only three years for bringing claims against a self-insurer is both unfair and unnecessary. Accordingly, I dissent.
Chief Judge DiFiore and Judges Stein and Feinman concur, Judge Stein in a concurring opinion; Judge Garcia dissents and votes to affirm in an opinion in which Judges Rivera and Wilson concur.
Order reversed, with costs, that branch of defendant's motion which was to dismiss the complaint as time-barred granted and certified question answered in the negative.

Footnotes

Footnote 1:Vehicle and Traffic Law § 321 (1) excepts vehicles owned by a political subdivision of any state from the no-fault insurance procurement and security requirements of Vehicle and Traffic Law § 370 (1). Vehicle and Traffic Law § 321 (2), in turn, provides that any such motor vehicle shall be subject to the provisions of article 51 of the Insurance Law, including Insurance Law § 5103 (a) (1), which establishes minimum no-fault insurance and security requirements.

Footnote 2:Here we make two somewhat tangential points. First, as a general matter, we disagree with the dissent's conclusion that the substance of the responsibility to provide no-fault benefits, rather than the source of that obligation, controls this statute of limitations analysis.
Second, we note that Matter of Elrac, Inc. v Exum (18 NY3d 325 [2011]) does not compel a result different from that which we have reached herein. In Elrac, Inc., we interpreted the Workers' Compensation Law and determined that the phrase "any other liability whatsoever" could not be interpreted literally to bar an employee from recovering uninsured motorist benefits from an employer (id. at 328). Our reasoning did not address, and does not bind us in, the context of interpreting the No-Fault Law or CPLR 214 (2).
Footnote 1:There are various ways to qualify as a "self-insurer" under the relevant statutes, including by demonstrating "financial security" (11 NYCRR 65-2.1 [a] [1]-[2]). In lieu of providing an insurance policy or surety bond, corporations engaged in the business of transporting passengers for hire, such as defendant, may file a certificate of self-insurance (see Vehicle and Traffic Law § 370).

Footnote 2:Gurnee involved the retroactive application of our decision in Kurcsics v Merchants Mut. Ins. Co. (49 NY2d 451 [1980]), which interpreted the Insurance Law as it related to no-fault insurance protection to cap lost earnings at $1,000 per month rather than the $800 per month proposed by the Superintendent of Insurance. Plaintiffs brought suit against the insurance companies seeking to recover the difference on prior claims. We held that our earlier decision should apply to all claims not barred by the statute of limitations. In doing so, we specifically "noted that the applicable six-year Statute of Limitations has already extinguished a portion of the insurers' potential liability," citing CPLR 213 (Gurnee, 55 NY2d at 193).

Footnote 3:To suggest otherwise would make uncertain the viability of thousands of no-fault claims against insurance companies that could otherwise be timely asserted under this well-established, and much relied-upon, six-year rule.

Footnote 4:The Appellate Division, Second Department has applied the same limitation to self-insurers in the analogous context of uninsured motorist benefits (see Matter of New York City Tr. Auth. v Powell, 126 AD3d 705, 706 [2d Dept 2015]; Matter of New York City Tr. Auth. v Hill, 107 AD3d 897, 898 [2d Dept 2013]; Matter of ELRAC, Inc. v Suero, 38 AD3d 544, 545 [2d Dept 2007]).

Footnote 5:Nothing in the legislative history of the No-Fault Law suggests that the legislature intended self-insurers to have a different statute of limitations than private insurers.