Gentlecare Ambulatory Anesthesia Servs.; Lyonel F. Paul M.D. v Hereford Ins. Co.
(2020 NY Slip Op 51379(U))

[*1]

Gentlecare Ambulatory Anesthesia Servs.; Lyonel F. Paul M.D. v
Hereford Ins. Co.

2020 NY Slip Op 51379(U) [69 Misc 3d 144(A)]

Decided on November 13, 2020

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on November 13, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., DAVID ELLIOT, BERNICE D. SIEGAL, JJ

2019-77 K C

Gentlecare Ambulatory Anesthesia
Services; Lyonel F. Paul M.D., as Assignee of Chaundry, Figaro, Respondent,
against
Hereford Insurance Co., Appellant. 

Goldberg, Miller and Rubin, P.C. (Timothy R. Bishop of counsel), for appellant.
The Rybak Firm, PLLC (Damin J. Toell of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Sharon
Bourne-Clarke, J.), entered November 8, 2018, deemed from a judgment of that court entered
December 19, 2018 (see CPLR 5501 [c]). The judgment, entered pursuant to the November 8,
2018 order denying defendant's motion for summary judgment dismissing the complaint and
granting plaintiff's cross motion for summary judgment, awarded plaintiff the principal sum of
$4,183.05.

ORDERED that the judgment is reversed, with $30 costs, the order dated November 8, 2018
is vacated, defendant's motion for summary judgment dismissing the complaint is granted and
plaintiff's cross motion is denied.
In this action by a provider to recover assigned first-party no-fault benefits, defendant
appeals from an order of the Civil Court denying defendant's motion which had sought summary
judgment dismissing the complaint on the ground that defendant had established that there was
no coverage for no-fault benefits since defendant had not issued an automobile insurance policy
which would cover the underlying accident, and granting plaintiff's cross motion for summary
judgment. A judgment was subsequently entered on December 19, 2018, from which the appeal
is deemed to have been taken (see CPLR 5501 [c]).
"[A] lack of coverage defense may be raised without regard to any issue as to the [*2]propriety or timeliness of an insurer's denial of claim form (see
Zappone v Home Ins. Co., 55 NY2d 131, 135-136 [1982] [lack of coverage defense is not
precluded]; see also Central Gen. Hosp. v Chubb Group of Ins. Cos., 90 NY2d 195
[1997]). The papers submitted by defendant in support of its [ ] motion were sufficient to
establish that the policy being sued upon was a workers' compensation insurance policy which
did not cover plaintiff's claim to receive reimbursement of assigned first-party no-fault benefits.
As plaintiff failed to demonstrate the existence of an applicable automobile insurance policy
issued by defendant or to otherwise raise a triable issue of fact, [defendant's motion for summary
judgment should have been granted]" (Ultimate Health Prods., Inc. v Hereford Ins. Co., 51 Misc 3d
127[A], 2016 NY Slip Op 50367[U], *1 [App Term, 2d Dept, 2d, 11th & 13th Jud
Dists 2016]; Flatbush Chiropractic, P.C.
v Hereford Ins. Co., 49 Misc 3d 149[A], 2015 NY Slip Op 51712[U], *1 [App Term, 2d
Dept, 2d, 11th & 13th Jud Dists 2015]).
Accordingly, the judgment is reversed, the order dated November 8, 2018 is vacated,
defendant's motion for summary judgment dismissing the complaint is granted and plaintiff's
cross motion is denied.
ALIOTTA, P.J., ELLIOT and SIEGAL, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: November 13, 2020