Midwood Total Rehab Med., P.C. v Republic W. Ins. Co. (2021 NY Slip Op
51205(U))

[*1]

Midwood Total Rehab Med., P.C. v Republic W. Ins. Co.

2021 NY Slip Op 51205(U) [73 Misc 3d 142(A)]

Decided on December 10, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on December 10, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., DAVID ELLIOT, DONNA-MARIE E. GOLIA,
JJ

2019-1023 K C

Midwood Total Rehab Medical, P.C., as
Assignee of Rosario, Rafael, Respondent,
against
Republic Western Insurance Company, Appellant.

Bryan Cave, LLP (Mathtew Sarles and Adam S. Bird-Ridnell of counsel), for appellant.
The Rybak Firm, PLLC (Oleg Rybak of counsel), for respondent (no brief filed).
Separate
 appeals from orders of the Civil Court of the City of New York, Kings County (Louis L.
Nock, J.), entered December 20, 2017 and dated April 10, 2019, respectively, and from an order
of the same court (Sandra E. Roper, J.), entered April 22, 2019. The order entered December 20,
2017 denied defendant's motion which had sought summary judgment dismissing the complaint
on the ground that, pursuant to a declaratory judgment entered in the Supreme Court, New York
County, defendant had no duty to provide coverage for the accident at issue in this case. The
order dated April 10, 2019 denied defendant's motion which, in effect, had sought leave to
reargue defendant's prior motion seeking summary judgment dismissing the complaint. The order
entered April 22, 2019 denied defendant's cross motion which had sought summary judgment
dismissing the complaint on the ground that the action was commenced after the statute of
limitations had expired.

ORDERED that, on the court's own motion, the appeals are consolidated for purposes of
disposition; and it is further,
ORDERED that the order entered April 22, 2019 is reversed, with $30 costs, and defendant's
cross motion for summary judgment dismissing the complaint is granted; and it is further,
ORDERED that the appeals from the orders entered December 20, 2017 and dated April 10,
2019, respectively, are dismissed as academic.
In this action by a provider to recover assigned first-party no-fault benefits, defendant moved
for summary judgment dismissing the complaint on the ground that, pursuant to a declaratory
judgment entered in the Supreme Court, New York County, defendant had no duty to provide
coverage for the accident at issue in this case. By order entered December 20, 2017, the [*2]Civil Court (Louis L. Nock, J.) denied defendant's motion for
summary judgment. Defendant then moved for what it denominated as leave to renew its motion
seeking summary judgment dismissing the complaint and plaintiff opposed such motion. While
the motion purportedly seeking renewal was pending, plaintiff moved for summary judgment.
Defendant cross-moved for summary judgment dismissing the complaint on the ground that the
action had been commenced after the statute of limitations had expired. By order dated April 10,
2019, the Civil Court (Louis L. Nock, J.) denied defendant's motion, stating that while it was
denominated as one seeking renewal, it was actually an untimely motion seeking leave to reargue
defendant's prior motion which had sought summary judgment dismissing the complaint. By
order entered April 22, 2019, the Civil Court (Sandra E. Roper, J.) noted that plaintiff had
withdrawn its motion seeking summary judgment and denied defendant's cross motion for
summary judgment dismissing the complaint.
A review of the record reveals that defendant has established, as a matter of law, that the
vehicle in which plaintiff's assignor was a passenger when the accident occurred was owned by
U-Haul, Inc., that the vehicle was self-insured by U-Haul, Inc., that defendant did not insure the
subject vehicle, and that defendant was a third-party claims handler which processed claims on
behalf of U-Haul, Inc. In addition, the affidavit by plaintiff's owner demonstrated that the claim
at issue was mailed to defendant on December 22, 2010 and the action was not commenced until
November 22, 2016. Consequently, defendant's cross motion papers established, prima facie, that
the action had been commenced after the expiration of the three-year statute of limitations
applicable to self-insurers (see CPLR 214 [2]; Contact Chiropractic, P.C. v New York
City Tr. Auth., 31 NY3d 187 [2018]). In opposition, plaintiff failed to raise an issue of fact
as to the action's timeliness. In light of the foregoing, the appeals from the orders entered
December 20, 2017 and dated April 10, 2019, respectively, have been rendered academic. We
reach no other issue.
Accordingly, the order entered April 22, 2019 is reversed, defendant's cross motion for
summary judgment dismissing the complaint is granted, and the appeals from the orders entered
December 20, 2017 and dated April 10, 2019, respectively, are dismissed.
ALIOTTA, P.J., ELLIOT and GOLIA, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 10, 2021