Greenway Med. Supply Corp. v Repwest Ins. Co. (2022 NY Slip Op
51269(U))

[*1]

Greenway Med. Supply Corp. v Repwest Ins. Co.

2022 NY Slip Op 51269(U) [77 Misc 3d 135(A)]

Decided on December 2, 2022

Appellate Term, Second Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on December 2, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., WAVNY TOUSSAINT,
CHEREÉ A. BUGGS, JJ

2021-79 K C

Greenway Medical Supply Corp., as
Assignee of Osorio Ernesto, Respondent,
against
Repwest Insurance Company, Appellant.

Husch Blackwell, LLP (Matthew A. Sarles of counsel), for appellant.
The Rybak Firm, PLLC (Damin J. Toell of counsel), for respondent (no brief filed).

Appeal from an order of the Civil Court of the City of New York, Kings County
(Sandra E. Roper, J.), entered September 4, 2019. The order, insofar as appealed from as
limited by the brief, denied defendant's cross motion for summary judgment dismissing
the complaint.

ORDERED that the order, insofar as appealed from, is reversed, with $30 costs, and
defendant's cross motion for summary judgment dismissing the complaint is
granted.
In this action by a provider to recover assigned first-party no-fault benefits,
defendant appeals, as limited by its brief, from so much of an order of the Civil Court as
denied defendant's cross motion for summary judgment dismissing the complaint on the
ground that there was an issue of fact as to whether the three-year limitation period of
CPLR 214 (2) was applicable.
A review of the record reveals that defendant demonstrated, as a matter of law, that
the vehicle in which plaintiff's assignor was a passenger when the accident occurred was
owned by U-Haul, Inc.; that the vehicle was self-insured by U-Haul, Inc.; that defendant
did not insure the subject vehicle; and that defendant was a third-party claims handler
which processed claims on behalf of U-Haul, Inc. Thus, the record establishes that there
is no coverage for no-fault benefits from defendant as defendant had not issued an
automobile insurance policy which would cover [*2]the
underlying accident (see
Gentlecare Ambulatory Anesthesia Servs.; Lyonel F. Paul M.D. v Hereford Ins. Co.,
69 Misc 3d 144[A], 2020 NY Slip Op 51379[U] [App Term, 2d Dept, 2d, 11th
& 13th Jud Dists 2020]; Parisien v Gallagher Bassett Servs., 66 Misc 3d 128[A],
2019 NY Slip Op 52040[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]).
We note that, while the six-year statute of limitations for contracts is applicable to
no-fault claims against an insurer (see CPLR 213 [2]), to the extent any causes of
action accrued against the self-insurer upon plaintiff's submission of bills in 2010, the
three-year statute of limitations set forth in CPLR 214 (2) would apply (see Contact Chiropractic, P.C. v
New York City Tr. Auth., 31 NY3d 187 [2018]; Midwood Total Rehab Med., P.C.
v Republic W. Ins. Co., 73 Misc 3d 142[A], 2021 NY Slip Op 51206[U] [App
Term, 2d Dept, 2d, 11th & 13th Jud Dists 2021]; Midwood Total Rehab Med., P.C.
v Republic W. Ins. Co., 73 Misc 3d 142[A], 2021 NY Slip Op 51205[U] [App
Term, 2d Dept, 2d, 11th & 13th Jud Dists 2021]; S & R Med., P.C. v
NYCTA-MABSTOA, 61 Misc 3d 138[A], 2018 NY Slip Op 51582[U] [App
Term, 2d Dept, 2d, 11th & 13th Jud Dists 2018]).
Accordingly, the order, insofar as appealed from, is reversed and defendant's cross
motion for summary judgment dismissing the complaint is granted.
ALIOTTA, P.J., TOUSSAINT and BUGGS, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 2,
2022